IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS E. ABBOTT, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-211-S-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This is Petitioner's second Petition for Writ of Habeas Corpus. Petitioner's previous Petition, filed under Case No. CV02-39-S-MHW (*Abbott v. Sonnen*), was dismissed with prejudice on procedural default grounds by Magistrate Judge Mikel H. Williams on October 25, 2002 (see Docket No. 32 in CV02-39-S-MHW). Both this Court and the Ninth Circuit Court of Appeals denied Petitioner a certificate of appealability (see Docket Nos. 40 & 41 in CV02-39-S-MHW). Thereafter, the Ninth Circuit Court of Appeals denied Petitioner authorization to file a successive habeas corpus petition challenging the same conviction and sentence. *See Appendix to Respondent's Response* (Docket No. 45-2 in CV02-39-S-MHW).

Petitioner now desires to challenge the sentence that arises from the same conviction he challenged in the 2002 action. He argues that his sentencing claim did not arise until after he had filed his first Petition in 2002, and that he has exhausted this claim

**MEMORANDUM ORDER - 1**

in the Idaho Supreme Court. The Court now reviews the Petition to determine whether it is subject to summary dismissal. *See* 28 U.S.C. §§ 2243 & 2244(b); Rule 4 of the Rules Governing § 2254 Cases.

**A.     Standard of Law**

Title 28 U.S.C. § 2244(b) prevents prisoners from filing multiple habeas corpus petitions without satisfying strict statutory requirements. That section provides, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Before a petitioner may file a second or successive petition, he must make a "prima facie showing" to the Court of Appeals that it would satisfy 28 U.S.C. § 2244(b), and receive authorization from the Court of Appeals to proceed in the District Court.

**MEMORANDUM ORDER - 2**

*Thompson v. Calderon*, 151 F.3d 918, 924 (9th Cir. 1998).  The District Court has no jurisdiction to hear the merits of a successive petition unless the Court of Appeals has granted a petitioner permission to file such a petition.  *See* 28 U.S.C. § 2244(b)(3); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam)) (stating that district courts lack jurisdiction to consider unauthorized successive petitions).

**B.     Discussion**

On April 29, 1986, Petitioner was first sentenced to a term of indeterminate life and placed on probation.  His probation was subsequently revoked, and his sentence was reduced to an indeterminate term of 40 years.  On March 14, 1989, the Idaho Commission of Pardons and Paroles gave him a "Primary Review" sheet showing that his previous life sentence began on December 28, 1987, that his parole eligibility date was December 27, 1997, and that his "good time or full-term expiration date" was November 6, 2015.  The "Primary Review" sheet did not reflect the new sentence of 40 years which would have shown an ending date of approximately 2027.

Petitioner's claim in his current Petition is that, at resentencing, the court allegedly increased a 30-year sentence to a 40-year sentence.[1]  The Court rejects Petitioner's

---

[1] Petitioner's claim that an indeterminate life sentence was intended to be no longer than 30 years sentence is based on the following theory.  In *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the petitioners argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving 30 years.  That court noted:
> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an

**MEMORANDUM ORDER - 3**

argument that he did not know of this claim in time to bring it in his 2002 federal habeas petition.  It is clear that Petitioner knew or should have known of the claim as early as March 14, 1989, when he received his "Primary Review" sheet showing that the end of the original indeterminate life sentence was, for parole eligibility purposes, November 6, 2015, ten years earlier than the new 40-year sentence.

      The Court concludes that Petitioner is *not* raising an execution of sentence claim that would be an exception to the second or successive petitions bar, because the only sentence the warden can execute is the 40-year sentence pronounced at resentencing; the alleged 30-year sentence was superseded by the new sentence.  *See Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (explaining that the statute's "second or successive" petition bar does not include execution of sentence claims).  Rather, Petitioner is directly challenging the 40-year sentence, arguing that the judge illegally changed an indeterminate life sentence (which Petitioner argues was the equivalent of a 30-year

---

      effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id*. at 243 (The Idaho Court of Appeals's decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984)).

      As a result of *King v. State*, many prisoners with indeterminate life sentences are now arguing that an indeterminate life sentence necessarily terminates in 30 years.  Some of these cases are currently pending in state court, and some are in federal court.

**MEMORANDUM ORDER - 4**

sentence) to a longer sentence.  The claim should have been known to him as early as 1989, and certainly by 2002, when he filed his first federal habeas corpus action.

As a result of all of the foregoing, this Court has no jurisdiction to hear the case until Petitioner receives authorization to proceed by the Ninth Circuit Court of Appeals. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).  Therefore, the Petition shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Petition is DISMISSED for lack of jurisdiction.  Petitioner may petition the Ninth Circuit Court of Appeals for authorization to file a second or successive petition.



DATED:  **July 3, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER - 5**